PENNSYLVANIA RUBBER COMPANY, INCORPORATED, a corporation v. WATSON M. REEL, as Administrator of the Estate of Rolla J. Reel, Deceased.

3 So. (2nd) 872
Division A
Opinion Filed September 23, 1941

*Maguire, Voorhis & Wells,* for Plaintiff in Error.

*Garland W. Spencer,* for Defendant in Error.

ADAMS, J.—This case is before us on writ of error to review a final judgment on the pleadings in favor of defendant.

The only question is the sufficiency of a notice to creditors as required by Section 119 of The Probate Act which reads as follows:

"NOTICE TO CREDITORS. All personal representatives after taking out letters testamentary or of administration shall cause a notice to be published once a week for four consecutive weeks, four publications being sufficient, in a newspaper published in the county wherein said letters shall have been granted notifying all persons having claims or demands against the estate of said decedent to file their claims in the office of the County Judge granting such letters at his office in the Court House of said county within eight calendar months from the time of the first publication of said notice . . . "

The notice in question reads as follows:

"NOTICE TO CREDITORS
STATE OF FLORIDA,
COUNTY OF SEMINOLE

"You and each of you are hereby notified and required to present any claims and demands which you, or either of you may have against the estate of ROLLA J. REEL, deceased, late of said County, to the County Judge of Seminole County, Florida, at his office in the court house at Sanford, Florida, within eight calendar months from the date of the first publi-

cation of this notice. Each claim or demand must be in writing, and must state the place of residence and post office address of the claimant, and must be sworn to by the claimant, his agent, or his attorney, or the same will become void according to law.

"This 20th day of October, 1938.

"WATSON M. REEL,
"Administrator of the
"Estate of ROLLA J. REEL,
"deceased."

Plaintiff in error is a creditor of the estate and as to him we hold the notice a sufficient compliance with the statute. He cannot question the sufficiency of the notice as to a class of claimants to which he does not belong.

Finding no error in the judgment the same is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, J. J., concur.